Salvatore LaROSA, Plaintiff,

v.

**Pete GEREN, Secretary of the Army, Defendant.**

**Civil Action No. 07–11984–NMG.**

United States District Court, D. Massachusetts.

May 14, 2008.

Rosario Mario Rizzo, Attorney at Law, Concord, MA, for Plaintiff.

Anita Johnson, United States Attorney's Office, Boston, MA, for Defendant.

**MEMORANDUM & ORDER**

GORTON, District Judge.

A retired United States Army Officer seeks to correct his service records dating back to World War II. The government moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## I. *Background*

The Plaintiff, Salvatore LaRosa ("LaRosa") rose to the rank of Major in the United States Army during World War II. During this period of his service he was the subject of periodic Officer Evaluation Reports ("OERs") rating his performance in office. LaRosa was discharged from the Army after the war and was denied reenlistment in 1947 due to a lack of suitable vacancies. He then served in the United States Army Reserve, from which he retired in 1967 as a Lieutenant Colonel. After his service in the Reserve, LaRosa apparently joined the Massachusetts State Guard, from which he later retired as a Major General.

The present Complaint, filed on October 18, 2007, seeks to correct six alleged errors in LaRosa's OERs from the years 1942, 1943 and 1944. In each case LaRosa alleges that the records are either incomplete (i.e., his performance is listed as "Not Rated" although a rating should have been provided) or unjust (i.e., he received

an official rating not commensurate with the level at which he alleges he performed his duties). None of the asserted errors are claimed to have had any material effect on LaRosa's subsequent career.

LaRosa first sought administrative review with the Army Board for Correction of Military Records ("ABCMR") in 1967 when he retired from the Army Reserve but his application was denied the following year. Subsequent efforts to have his records amended were denied by the ABCMR in 1997, 1999, 2001 and 2002. LaRosa brought his complaint to federal court for the first time in 2005, Docket No. 05–10937–GAO, but that suit was remanded to the ABCMR for further consideration. ABCMR denied the application in 2006 and, finally, denied an application for reconsideration of that decision on July 12, 2007.

In declining to alter LaRosa's record, the ABCMR noted that it has now been more than 60 years since the events described in the allegedly-defective reports and that LaRosa has not preferred evidence to support his assertion that the records are erroneous.

## II. *Analysis*

The plaintiff simply has not stated a claim upon which relief can be granted. Although the record of plaintiff's military service during World War II may be incomplete and, in some cases, inaccurate or even manifestly incorrect, he has suffered no legal wrong (and has no grievance) remediable by this Court. It is patently impossible for this Court to change or fill in the blanks of plaintiff's military record more than half a century after the subject events or to second-guess the plaintiff's evaluators who may or may not have been fair, objective and unbiased.

The Supreme Court has surely offered valuable guidance to this Court on the general subject when it held that:

> judicial deference ... is at its apogee when legislative action under the congressional authority to raise and support armies and make rules and regulations for their governance is challenged.

*Rostker v. Goldberg,* 453 U.S. 57, 70, 101 S.Ct. 2646, 69 L.Ed.2d 478 (1981), and when it opined that:

> orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.

*Orloff v. Willoughby,* 345 U.S. 83, 94, 73 S.Ct. 534, 97 L.Ed. 842 (1953).

Notwithstanding Mr. LaRosa's lack of a judicial remedy, it should be of some comfort to him to know that no agency, Army or Court can take away from him or deny the contribution he made to his country and to the freedom of its citizens, many of whom are oblivious to his sacrifice (and to the sacrifice of hundreds of thousands more). He (and each of them) is an unsung hero of an era gone by. Mr. LaRosa has our gratitude but that will have to suffice. He does not have a cause of action against the Secretary of the Army.

## ORDER

In accordance with the foregoing, the defendant's motion to dismiss (Docket No. 5) is **ALLOWED.**

**So ordered.**